UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANIS HILL,

                    Petitioner,                    Case No. 07-14816
                                                              Hon. David M. Lawson

v.

JERI ANN SHERRY, Warden,

                    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Ranis T. Hill, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his convictions of five fraud-related crimes following a jury trial in the Jackson County, Michigan circuit court. The petitioner presently is confined at the Michigan Department of Corrections's Straits Correctional Facility in Kincheloe, Michigan, serving a sentence of twelve to twenty years for use of a computer to commit a fraud crime, Mich. Comp. Laws § 752.796, fifteen to twenty-eight years for conspiracy to commit uttering and publishing, Mich. Comp. Laws § 750.157a, uttering and publishing, Mich. Comp. Laws § 750.249, and forgery, Mich. Comp. Laws § 750.248, and five to ten years for obtaining personal identification information without authorization, Mich. Comp. Laws § 750.285. These sentences run concurrently with each other but consecutive to another uttering and publishing conviction for which the petitioner was serving a term of twenty-eight to two-hundred-and-fifty-two months.

The petitioner alleges that his convictions and sentences contravene the Constitution because the state trial court improperly exceeded the sentencing guidelines range, the trial court sentenced him based on aggravating factors that were not submitted to a jury and proven beyond a reasonable doubt, and the trial court lacked subject matter jurisdiction to consider a case against him because

the statutes under which he was charged and convicted violate sections 23 and 24 of Article IV of the Michigan Constitution and the Fifth, Sixth, and Fourteenth Amendments of the Federal Constitution. The respondent has filed an answer to the petition asserting that the claims lack merit. The Court agrees. Therefore, the petition will be denied.

I.

The facts of the case were summarized by the state court of appeals as follows:

> At trial, witnesses testified that defendant offered them money for the use of their ATM card, and would deposit forged, computer-generated checks into their bank accounts and later withdraw the funds. Another witness testified that defendant paid him to cash checks that were made out to the witness and give defendant the money. The evidence at trial established that defendant obtained identification and bank account information from several victims by taking the outgoing mail from their mailboxes and generated checks containing these victims' personal and bank account information using a computer.

*People v. Hill*, No. 256984, 2005 WL 2372080, at *1 (Mich. Ct. App. Sept. 27, 2005).

A jury convicted the petitioner of the crimes listed above on May 19, 2004. His sentencing guideline range under the state scheme was calculated at 34 to 100 months for a minimum sentnece, but he was sentenced on June 24, 2004 to the sentences summarized above. The Michigan Court of Appeals affirmed the convictions on September 27, 2005. *Ibid.* The Michigan Supreme Court denied leave to appeal on December 27, 2005. *People v. Hill*, 474 Mich. 985, 707 N.W.2d 198 (2005) (table). The petitioner then filed a post-conviction motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et. seq.*, which was also denied by the trial court. *People v. Hill*, No. 04-000204 (Jackson County Cir. Ct. Feb. 2, 2007). The Michigan appellate courts denied leave to appeal. *People v. Hill*, No. 276460 (Mich. Ct. App. July 17, 2007); *lv. den.* 480 Mich. 924, 740 N.W.2d 276 (2007) (table).

The petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

-2-

I.  The trial court's reasons for imposing sentences that upwardly departed from the sentencing guidelines range were not substantial and compelling, and some were not objective and verifiable.

II.  Mr. Hill was denied his Sixth Amendment constitutional right to a trial by jury and Fifth Amendment due process right to be found guilty beyond a reasonable doubt where aggravating factors unilaterally determined or based by the sentencing judge absent findings of the same factors by a jury or concessions made by the defendant.

III.  Trial court lack(ed) subject matter jurisdiction, to prosecute Ranis T. Hill for use of a null and void law.  The purported law used on the complaint is in violation or in direct opposition to the Michigan Constitution and the United States Constitution, 5th and 14th Amendment Due Process Clause(s), and in violation of the 6th (Amendment).  The purported law does not contain the enacting clause and/or title, in violation of Art. 4, Sec. 23, Art. 4, Sec. 24, of the Michigan Constitution.

## II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims.  *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).  As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law.  *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir.

-3-

1998).  Mere error by the state court will not justify issuance of the writ; rather, the state court's

application of federal law "must have been objectively unreasonable."  *Wiggins*, 539 U.S. at 520-21

(quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)).  Additionally, this

Court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1)

("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody

pursuant to the judgment of a State court, a determination of a factual issue made by a State court

shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating

that "[t]he court gives complete deference to state court findings of historical fact unless they are

clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as

follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly
> established precedent if the state court applies a rule that contradicts the governing
> law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established
> precedent if the state court confronts a set of facts that are materially
> indistinguishable from a decision of this Court and nevertheless arrives at a result
> different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus

relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision

unreasonably applies the law of this Court to the facts of a prisoner's case."  *Id.* at 409.  The Court

defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask
> whether the state court's application of clearly established federal law was
> objectively unreasonable. . . .

-4-

> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409-11; *see also Phillips v. Bradshaw*, 607 F.3d 199, 205 (6th Cir. 2010); *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009); *Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475 F.3d 761, 767 (6th Cir. 2007); *King v. Bobby*, 433 F.3d 483, 489-90 (6th Cir. 2006); *Rockwell v. Yukins*, 341 F.3d 507, 511 (6th Cir. 2003) (en banc).

### A.

The petitioner's first ground for relief focuses on the state court's sentencing procedure.  He says that the court did not give sufficient reasons for departing upward from the guideline range established by state law.  A claim that the state trial court incorrectly scored, calculated, or applied the state legislative sentencing guidelines is not a cognizable claim for federal habeas review because it is based solely on state law.  *See McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006).  "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984).  Therefore, a claim that the trial court mis-scored offense variables four and ten in determining the state sentencing guidelines is not cognizable on habeas corpus review.  *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797-98 (E.D. Mich. 1999).  The petitioner's first argument does not entitle him to habeas relief.

### B.

The petitioner's second claim for relief also focuses on the state court's sentencing procedure.  The petitioner contends that his sentence was increased based upon facts neither proven to a jury beyond a reasonable doubt nor admitted by him.  The petitioner argues, therefore, that the

trial court judge violated his Sixth Amendment right to a trial by jury by using facts to score his sentencing guidelines that had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by the petitioner.  The petitioner believes that *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), support his position.  However, the claim that Michigan's sentencing guideline system, wherein judge-found facts are used to establish the minimum sentence of an indeterminate sentence, violates the Sixth Amendment has been foreclosed by the Sixth Circuit's decision in *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) ("[The petitioner] argues that the Michigan trial judge violated *Apprendi* by finding facts that raised his minimum sentence.  But *Harris v. United States* tells us that *Apprendi*'s rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum.").  This Court is bound by that decision.

Under state law, the petitioner's minimum sentences for the respective crimes all were less than the maximum sentences authorized by the respective statutes.  Because the petitioner's sentence fell within the statutorily-authorized maximum penalty, which was not enhanced by judicial fact finding, no Sixth Amendment violation occurred.


C.

In his third claim, the petitioner contends that the trial court did not have subject matter jurisdiction over his case because the statutes under which he was convicted were not enacted in compliance with procedures set forth in sections 23 and 24 of Article IV of the Michigan constitution.  As mentioned when discussing the petitioner's earlier claims, habeas review does not extend to questions of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (stating that "federal

habeas corpus relief does not lie for errors of state law" (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990))).  "Determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976).  The petitioner argues that the Michigan Compiled Laws do not begin with the words "The People of the State of Michigan enact," and that omission is fatal to the validity to that codification of Michigan law according to the Michigan constitution.  Even if that is true, there is no provision in the Constitution or federal law mandating ritualistic language as a prerequisite to the validity of state law.

Moreover, this argument ignores the reality that the official version of the state laws are the public acts of the legislature.  Compilations are authorized to organize the statutes.  *See* Mich. Const. Art. 4, § 36 (1963) ("The legislature may provide for a compilation of the laws in force, arranged without alteration, under appropriate heads and titles.").  But the official version of the criminal statutes the petitioner violated in this case all begin with the mandatory style "The People of the State of Michigan enact." *See* 2000 Mich. Pub. Acts 179; 1996 Mich. Pub. Acts 326 (acts amending the use-of-computers statute, Mich. Comp. Laws § 752.796); 2008 Mich. Pub. Acts 378; 1931 Mich. Pub. Acts 328 (acts enacting and amending the uttering and publishing statute, Mich. Comp. Laws § 750.249); 1996 Mich. Pub. Acts 296; 1931 Mich. Pub. Acts 328 (acts enacting and amending the conspiracy statute, Mich. Comp. Laws § 750.157a); 2008 Mich. Pub. Acts 378; 1991 Mich. Pub. Acts 145; 1967 Mich. Pub. Acts 64; 1964 Mich. Pub. Acts 101; 1931 Mich. Pub. Acts 328 (acts enacting and amending the Michigan forgery statute, Mich. Comp. Laws § 750.248); 2000 Mich. Pub. Acts 386; 1931 Mich. Pub. Acts 328 (acts that enacted and amended Mich. Comp. Laws § 750.285, the statute punishing obtaining personal identification information).

The petitioner's argument, therefore, suffers from two flaws in this habeas case: it is based entirely on state law; and it is not sustained by state law or the record. The argument, even if true, would not support federal habeas relief.

III.

The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is **DENIED.**

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  January 7, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 7, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---