UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANIS HILL,

        Petitioner,                                  Case Number 07-14816
                                                                         Honorable David M. Lawson

v.

JERI ANN SHERRY, Warden,

        Respondent.
_____/

## **ORDER DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Ranis Hill, presently incarcerated at the Michigan Department of Correction's Straits Correctional Facility in Kincheloe, Michigan, filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, the petitioner alleged that his convictions and sentences contravene the Constitution because the state trial court improperly exceeded the sentencing guidelines range, the trial court sentenced him based on aggravating factors that were not submitted to the jury and proven beyond a reasonable doubt, and the trial court lacked subject matter jurisdiction to consider a case against him because the statutes under which he was charged and convicted violate sections 23 and 24 of Article IV of the Michigan Constitution and the Fifth, Sixth, and Fourteenth Amendments of the Federal Constitution. The Court found that the petitioner's claims either did not state a cognizable claim for federal habeas review or did not establish that he was in custody in violation of the Constitution or laws of the United States.

Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2254 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In denying the habeas petition, the Court found that the petitioner had failed to state cognizable claims for federal habeas review on two of his claims for relief, and had failed to establish a sixth amendment violation on the third. The Court held that petitioner's first ground for relief, that the trial court's reasons for imposing sentences that upwardly departed from the sentencing guidelines range were not substantial and compelling, and some were not objective and verifiable, was based solely upon state law and therefore not a cognizable claim for federal habeas review. Likewise, the Court found that the petitioner's claim that the trial court lacked subject matter jurisdiction over his case was both not sustained by state law or the record, and was also based entirely upon state law and therefore not cognizable on federal habeas review. Finally, the

Court found that the petitioner's claim for relief based upon his argument that the trial court judge violated his sixth amendment right to a trial by jury by using facts to score his sentencing guidelines that had not been submitted to a jury to prove beyond a reasonable doubt or admitted by the petitioner was foreclosed by the Sixth Circuit's holding in *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009), and that because the petitioner's sentence fell within the statutorily-authorized maximum penalty, which was not enhanced by judicial fact finding, no Sixth Amendment violation occurred. The Court finds that its resolution of the petitioner's claims would not be debatable among reasonable jurists.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED** on all grounds raised by the petitioner.

 s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: January 7, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 7, 2011

 s/Deborah R. Tofil  
DEBORAH R. TOFIL